### PHELPS *v.* O'CONNOR.

TAXATION—TAX SALES—BILL OF REVIEW—DISMISSAL—COSTS.
Where complainant, in a bill to review a decree for the sale of land for taxes, though he fails to make a case, obtains a longer time in which to redeem than he would have had if he had not filed the bill, it is error to dismiss the same without costs to defendants.

Appeal from Gratiot; Stone, J. Submitted April 8, 1904. (Docket No. 25.) Decided October 4, 1904.

Bill of review by Clark S. Phelps and another against William O'Connor and Perry F. Powers, auditor general. From a decree dismissing the bill without costs, defendants appeal. Reversed.

*Wilson & Wilson*, for complainants.

*Thomas, Cummins & Nichols*, for defendants.

MOORE, C. J. On February 6, 1902, the auditor general obtained a decree for the sale of certain lands belonging to the complainants for the taxes of 1899 and previous years. The lands were sold at the tax sale in May, 1902, and bid in by the State. The State, on October 31, 1902, sold them to William O'Connor, trustee, and issued a certificate to him. The complainants claim it was not until January, 1903, they heard of these proceedings. Prior to
187 MICH.—40.

April 27, 1903, they filed a petition asking leave to file a bill of review for reasons stated in their petition. Service of this petition was made upon the auditor general and upon William O'Connor. A hearing was had thereon, the prosecuting attorney appearing for the auditor general and the drain commissioner. No one appeared for Mr. O'Connor. The judge granted the prayer of the petition, but "ordered that said petitioners pay the amount of said tax, together with interest to date on same, into court, pending the final disposition of said cause, and that the said auditor general be, and is hereby, ordered and directed to issue no deed for the said tax on petitioners' lands as set out in their said petition, to any person or persons, until the final disposition or the further order of this court; and in case, on said hearing upon the said bill of review, the final decree should be against said petitioners, then said funds paid into court shall be applied to the discharge of said tax lien."

The money was paid into court the next day after the order was made. The bill of review was filed within a few days, in which it was prayed that the several taxes mentioned therein "may be set aside, canceled, and held for naught; and that your orators may have such other and further relief in the said premises as equity and good conscience may require and to this honorable court may seem meet."

An answer and replication was filed. The case was heard, and the judge made a decree November 16, 1903, that the bill of complaint be dismissed, but without costs, and that the register remit to the auditor general the amount of said tax, together with the interest thereon, that being the moneys paid in by complainants for the redemption of said lands, and that he issue a certificate of redemption from the said taxes.

The defendants have appealed. It is their claim that the decree of the court directing the auditor general to issue his certificate of redemption is erroneous for the following reasons: (1) Because it is not based upon the pleadings or

any issues in the case; and (2) because a court of equity has no power to extend or modify in any manner the provisions of the statute with reference to redemption from tax sales.

It will be observed that the effect of the decree is to deprive the defendants of their costs, though the bill of review was dismissed, and complainant, though he failed to make a case calling for the intervention of the court, obtained a longer time in which to redeem than he would have had if he had not filed the bill of review. We think the court should have dismissed the bill of complaint, with costs to the defendants.

The decree is reversed, and one will be entered here in accordance with this opinion. Appellants will recover costs in this court.

The other Justices concurred.